PIERCE ET AL. *v.* GAS CITY LUMBER CO.

[No. 15,383. Filed April 13, 1937. Rehearing denied October 15, 1937.]

*Galvin, Galvin & Leeney, Browne, Campbell & Gemmill,* and *Clarence P. Manion,* for appellants.

*Condo, Van Atta & Batton,* for appellee.

LAYMON, J.—This is an action for the alleged conversion of certain buildings and improvements, consisting of a grandstand, amphitheater, and pole fence, situated upon the lands of the appellants Alfareta B. Pierce and Paul R. Martin.

The complaint was in one paragraph and alleged in

substance: That on and prior to the 19th day of October, 1929, the appellants Alfareta Pierce and Martin were the owners in fee simple and in possession of certain described real estate located in Grant County, Ind.; that on the 19th day of October, 1929, and at all of the times referred to in said complaint, the appellant John Pierce was acting as the agent of the appellants Alfareta Pierce and Martin in negotiating a lease for said real estate, in which lease provision was made for the construction and erection of certain improvements on said real estate; that appellants Alfareta Pierce and Martin, acting through their agent, John Pierce, leased the real estate to one C. L. Stewart, and others, by executing a written contract, which contract is set out in the complaint and discloses: That the lease was for a term of five years beginning on the 1st day of March, 1930; that in consideration the lessees agreed to pay the sum of $600 per year, payable annually in advance; that said leased premises were to be used for racing and stable purposes; that in the event the lessors should sell the farm, of which said leased premises were a part, at any time during the term of the lease, the lease should thereupon terminate, except that the lessees might remove any additional buildings or fences that they might have placed upon said leased premises, and such right of removal was also extended to the lessees at the expiration of the five year term of the lease; that in case the lesses failed, neglected, or refused to pay said rents, as and when the same became due and payable, and the lease should terminate because of such default or defaults, the lessees were to leave all buildings, fences, or other structures placed by them upon said premises and not remove any part thereof from said premises; and that all such buildings, fences, and other structures placed upon said leased premises by the lessees should be kept, held, and owned by the lessors as liquidated damages.

Appellee further alleged in its complaint that in connection with the construction and erection of the improvements referred to in said lease, the lessees requested the appellee to furnish the lumber and building materials necessary in the construction of a grandstand, amphitheater, and fence; that appellee was unwilling to extend the credit for such building material unless the title to all of said improvements should be and remain in appellee until the same were fully paid for and unless the owners of the real estate would enter into an agreement waiving the terms and provisions of the lease in so far as the forfeiture of the grandstand and amphitheater was concerned; that before furnishing any of the lumber or materials used in the improvements, appellee advised appellant Pierce, the agent of appellants Alfareta Pierce and Martin, that it was ready, willing, and able to furnish the lumber, materials, and labor involved in making the improvements on said premises if the owners of the real estate would agree to waive the provisions of the lease in so far as the forfeiture of the grandstand and amphitheater was concerned and would further agree that upon the termination of said lease for any cause appellee might remove the grandstand, amphitheater, and pole railing on the race track; that thereupon appellant John Pierce, acting as the agent of the appellants Alfareta Pierce and Martin, agreed that they would waive the said provision in the lease and that upon the termination of said lease for any cause, appellee might remove the property in question, and that they would thereafter enter into a written agreement to this effect with appellee; that pursuant to said agreement appellee did proceed with the erection and construction of said improvements; that on the 6th day of August, 1930, appellants Alfareta Pierce and Martin entered into a written agreement with appellee, which agreement is set out in appellee's complaint and dis-

closes: That whereas, the appellants Alfareta Pierce and Martin entered into a lease with Stewart, and others, for the leasing of the lands for race track purposes and the lessees thereunder have purchased of the appellee lumber and material to build a grandstand and amphitheater on said leased premises, with the understanding that the title to said grandstand and amphitheater, and the lumber therein, shall be and remain in the appellee until it shall be paid for; that whereas, by the terms of the lease it is stipulated that if the lessees shall fail to pay the rents as therein set forth they shall forfeit said lease, and all buildings, fences, and other structures placed upon said leased premises by them shall belong to the lessors; that, therefore, in consideration of One Dollar and other valuable considerations, appellants Alfareta Pierce and Martin hereby waive the provisions of said lease in so far as the forfeiture of said grandstand and amphitheater is concerned and agree that upon the termination of said lease from any cause the appellee may remove said grandstand, amphitheater, and pole railing from said leased premises. Appellee further alleged that the lessees, Stewart, and others, wholly failed to pay for the improvements and to pay the rents to the lessors; that the said lease was terminated, and, under and pursuant to the said agreement last above referred to, appellee was entitled to remove from the real estate all of said improvments so made by it; that said appellants refused to permit the appellee to remove said property and converted the same to their own use, to appellee's damage.

To this complaint the appellant John Pierce answered in general denial. Appellant Alfareta Pierce answered in two paragraphs, the first a general denial and the second alleging that the contracts set out in the complaint were executed without consideration. Appellant

Martin filed three paragraphs of answer, the first a general denial, the second alleging that the contracts set out in the complaint were executed without any consideration, and the third *non est factum*. During the trial appellants filed an answer alleging that the consideration for the contract sued on wholly failed and that appellants at no time received any consideration whatsoever for the execution thereof. The appellee replied in general denial to the second paragraph of answer filed by appellant Alfareta Pierce and to the second and third paragraphs of answer filed by appellant Martin. The cause was submitted to the court for trial without the intervention of a jury, and, upon request, the court made a special finding of facts and stated conclusions of law thereon. The finding of facts and the conclusions of law were in favor of appellee, and judgment was rendered accordingly. Each of the appellants duly excepted to each of the conclusions of law. Appellants filed their separate and several motion for a new trial, which motion sets forth the following grounds: (1) The finding or decision of the court is contrary to law; (2) the finding or decision of the court is not sustained by sufficient evidence. The sole error assigned and relied upon by appellants in their brief is the ruling of the court in overruling the separate and several motion of each appellant for a new trial.

Appellants contend that appellee must recover upon and according to the allegations of its complaint or not at all; that the finding or decision was upon evidence materially different from the theory of and facts alleged in the complaint. Appellants point out that the theory of appellee's complaint, in asserting its right to remove the grandstand and fence in question from the lands of the appellants Alfareta Pierce and Martin, rests upon facts specially pleaded, viz.: That appellants Alfareta Pierce and Martin, by their alleged agent,

appellant John Pierce, entered into the alleged parol and written contracts with appellee, whereby the right to remove said property from said lands was granted to appellee, which contracts are alleged to be valid and enforceable. Appellants assert that there is no evidence of said alleged agency and no evidence that the minds of the parties ever met to form said alleged parol contract, and that it affirmatively appears from the evidence that said alleged written contract was executed by appellee and appellant Alfareta Pierce, and no others, and that no consideration was paid or given therefor by appellee to said appellant.

Appellee insists that appellants' brief does not present any question to this court for consideration and points out that the only error relied upon by appellants is the overruling of their motion for a new trial; that the special finding of facts and conclusions of law are not set out in appellants' brief; that appellants' "Propositions and Authorities" have reference only to the first two grounds stated in the motion for a new trial and can be considered with reference only to the facts found by the trial court; that no special finding of facts or conclusions of law are referred to in their brief. There is merit in this contention, and we would be compelled to sustain appellee in this regard if it were not for the fact that the special finding of facts and conclusions of law were set out in full in appellee's brief, and appellants, in their reply brief, refer to certain findings. The defect in appellants' brief is harmless because we can determine the questions attempted to be presented from an examination of the briefs. *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 69 N. E. 546.

It is true that a plaintiff must recover upon proof of the facts alleged. It will not do to allege one state of

facts and then procure the court to find altogether different facts and render judgment for a cause of action not within the issues joined in the pleadings. We have examined the special finding of facts made by the court and conclude that the facts found fully sustain the material allegations of appellee's complaint. As to the sufficiency of the evidence to sustain the findings of the court, our attention is called to only two propositions: First, that there is no evidence that appellant John Pierce was the agent of his co-appellants in entering into the agreements alleged in the complaint; second, that there was a failure of consideration for the contracts executed. It will be noted upon an examination of the evidence that the written contract set out in appellee's complaint, introduced in evidence as Appellee's Exhibit 4 and bearing date of August 6, 1930, was signed by appellant Alfareta Pierce; that appellant Martin testified that he knew that the land in question had been leased for racing purposes; that his part of the rent paid under said lease was given, with his permission, to his mother, appellant Alfareta Pierce; that he directed appellant John Pierce to act as his agent as far as renting the land was concerned; that this direction was orally made and was given before the lease to Stewart, and others, was executed. Witness was asked:

"Q. As a matter of fact, you haven't regularly looked after any of your business? A. No, sir.

"Q. You left it in the hands of your mother and step-father? A. I left that particular matter in their hands, yes.

"Q. Wasn't any other matter but what was left in their hands? A. There's been various business connected with it, perhaps as well as my farm crops, etc.

"Q. I will ask you if it wasn't all left to their

judgment and—A. It was, as far as that's concerned."

Considering the evidence of appellant Martin, together with the facts surrounding the execution of the lease to said real estate by appellant John Pierce as agent for appellant Martin, and the subsequent ratification of this lease by appellant Martin, we conclude that there was ample evidence to sustain the finding that appellant John Pierce was the agent of appellant Martin in entering into the agreements set out in appellee's complaint. An agent certainly has power to bind his principal as to all matters necessarily incident to the execution of the power expressly conferred upon him. *Shackman* v. *Little et al.* (1882), 87 Ind. 181.

By the terms of the lease the appellants evidently contemplated that it would be necessary for the lessees to erect and construct buildings and fences thereon ▮▮ of the nature and character as are here involved. It was beneficial to both the lessors and the lessees that the buildings and structures be placed upon the real estate in order to make the premises suitable for the purposes for which they were leased and to make it possible for the lessees to use the premises in the manner and for the term specified. It was beneficial to the appellee herein to be assured of the privilege of removing the buildings in the event they were not paid for and the lease was forfeited. We think, under the circumstances, that there was sufficient consideration for the execution of the contract (Appellee's Exhibit 4) between appellants and appellee. Consideration need not be of benefit to the party making the promise. It must be of some benefit to himself or to a third person, or some injury, loss, or inconvenience to the promisee. *Joseph et al.* v. *Wild* (1896), 146 Ind. 249, 45 N. E. 467; *Starr* v. *Earle et al.* (1873), 43 Ind. 478.

Appellants further contend that there is a fatal variance between the allegations and the proof in certain particulars. There is no claim, however, that appellants were misled to their prejudice, and therefore such variance is not deemed material. Section 2-1063 Burns Revised Statutes 1933, section 168 Baldwin's Ind. St. 1934. Further, it does not appear that the attention of the trial court was called to such variance, and therefore, this court will not notice it on appeal. *Franklin Bank, etc.* v. *Boeckeler Lbr. Co.* (1925), 83 Ind. App. 94, 147 N. E. 722; *Krewson* v. *Cloud* (1873), 45 Ind. 273; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996; *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194, 59 N. E. 471; *Freas* v. *Custer* (1929), 201 Ind. 159, 166 N. E. 434.

We conclude that there was no error in overruling appellants' motion for a new trial.

Judgment affirmed.

DISSENTING OPINION ON PETITION FOR REHEARING.

DUDINE, J.—I think appellants' petition for rehearing should be granted for the following reasons:

1. This court in its opinion holds that there was sufficient consideration, "between appellant and appellee," for the execution of appellee's Exhibit Four, which was the written waiver of the provisions in the lease providing forfeiture of buildings and fences erected upon the leased premises. Having read and considered all the evidence, I found none which in my opinion proves or tends to prove such consideration as between appellee and appellant Alfareta B. Pierce; on the contrary it is my opinion that it is shown by uncontradicted evidence that there was no consideration for said waiver, as between appellee and appellant Alfareta B. Pierce.

2. The trial court made a special finding of facts in which it found that:

"some time in the month of May, 1930, the lessees made application to the plaintiff (appellee) to purchase and have delivered, all necessary material to be used in the erection of a grand stand and amphitheater and to enclose by fence the half mile tract located on said described premises and at that time the lessees had no sufficient funds with which to pay for said materials and the plaintiff by and through its officers and managers informed the said John Pierce, agent for Alfareta B. Pierce and Paul R. Martin, that the paintiff would not furnish such material and extend credit unless the said Alfareta B. Pierce and Paul R. Martin would waive their right to retain and keep said structures and buildings in the event the lessees failed or neglected to pay the rental.

"That the said John Pierce *as such agent* assured the plaintiff that such waiver would be made and that in consideration of such promise which *was to be set out in writing and that later the said* plaintiff delivered to the lessees on said premises *for the purpose of building and erecting a grand* stand, amphitheater and other structures in the way of fencing, all of the material necessary to be *used in such work.* (Our italics.)

Appellants have challenged the sufficiency of the evidence to sustain said special finding. I have found no evidence which shows or tends to show that appellant John Pierce acted as agent for appellant Alfareta Pierce in the matters referred to in said finding. It is my opinion that it is shown by uncontradicted evidence that he did not act as her agent in said matters.

Therefore I dissent from the order of this court denying appellants' petition for rehearing,