**COLORADO NATIONAL BANK OF DENVER, a Corporation, Appellant,**

v.

**Alfred O. L. BOHM, Appellee.**

**No. 16828.**

United States Court of Appeals
Ninth Circuit.
Jan. 26, 1961.

---

Hightower, Gregg & Garland, David M. Garland, Los Angeles, Cal., for appellant.

Birger Tinglof, Los Angeles, Cal., for appellee.

Before ORR, BARNES, and HAMLIN, Circuit Judges.

ORR, Circuit Judge.

Appellant, as plaintiff in the trial court, brought suit to recover an amount allegedly due on a promissory note. Appellee, as defendant in said suit, denied the right to recover on the ground that he received no consideration for executing the note.

The trial court, over the objection of appellant, permitted parol evidence to be introduced to establish lack of consideration. Appellant assigns this as error. We see nothing in this case which would take it out of the general rule that lack of consideration may be pleaded and proved in a suit on a promissory note.

In substance the facts are as follows:

The note was in the amount of $25,000. It was dated December 6, 1956, and payable to the order of Mrs. Gertrude Tenderich Sears. The note was signed by Joseph S. Tenderich, son of Mrs. Sears, Elizabeth S. Tenderich, his wife, and appellee Alfred O. L. Bohm, as comakers. Mrs. Sears is now deceased, and appellant is the executor of her estate. Appellee is a citizen of California; appellant is a citizen of Colorado; Mrs. Sears and her son and daughter-in-law were also citizens of Colorado at the time of the events described herein.

In October, 1956, appellee Bohm was the owner of an alfafa mill situate near Mason, Nevada. He had been for many years a friend of Mrs. Gertrude Tenderich Sears, a woman of considerable wealth. At a meeting held in Denver, Colorado, in October of 1956 appellee, Mrs. Sears, and her son Joseph reached an agreement that Mrs. Sears would finance Joseph in the operation of a milling business, using the alfafa mill owned by appellee as a base of operations. Mrs. Sears would furnish Joseph with $40,000, $15,000 of which would be paid to appellee for a lease of said alfafa mill to Joseph with option to purchase, and $25,000 of which would be used by Joseph as operating capital. The $25,000 would be represented by a promissory note to be signed by Joseph and appellee.

Thereafter the note in suit was prepared. It calls for 5% interest payable quarter-annually, with the entire amount represented by the note becoming payable at the option of the holder should the interest not be paid when due. The principal was to be paid at the rate of $1000 per month, starting July 1, 1957. On December 18, 1956, in Yerington, Nevada, appellee signed the note and delivered it to Joseph Tenderich as his mother's agent and for redelivery to her.

Mrs. Sears died on May 11, 1957, having made no demand for payment of any of the amounts due on said promissory note. No payment of interest or principal having been made, appellant filed the instant suit for the accelerated full amount against appellee on July 10, 1958.

Appellee's answer alleged an agreement between Mrs. Sears and him to the effect that he was not to be held liable on the note. At the trial appellee testified as follows: Mrs. Sears asked him if he would sign the note as a favor to her so as to give Joseph an added sense of responsibility; appellee replied that he was not interested in financing Joseph, to which Mrs. Sears replied that she only wanted him to sign as an incentive to Joseph, and she said, "Fred, I will never ask you or call on you for paying this note or any part of that note." Appellee then agreed to help her and signed the note, but only after she reassured him that she would never call on him to pay any of the note.

The trial court found (1) that there was no consideration for appellee's execution of the note, (2) that appellee signed the note solely for the accommodation of the payee Mrs. Sears, or of the payee and appellee's co-makers, and (3) that appellee signed and delivered the note conditionally, the condition being that he would never be held liable thereon.

■■■ Since the promissory note was executed in Nevada and this suit was brought in California, a conflict of laws question exists here. However, the laws of both states are the same in regard to the material issues involved here, and therefore that question is not important to the proper resolution of this case. It is the law in both states that as between the original parties to a bill or note parol evidence is always admissible to show want or failure of consideration. Nevada Revised Statutes § 92.035 (1957); Richardson v. Lamp, 1930, 209 Cal. 668, 290 P. 14; Walker Bros. Bankers v. Janney, 1930, 52 Nev. 440, 290 P. 413; Dixon v. Miller, 1919, 43 Nev. 280, 184 P. 926. Such evidence does not contradict or vary the terms of the note but impeaches the consideration necessary to make the note enforcible. Dixon v. Miller, supra. Appellant contends that this rule does not apply here because there was consideration for the note in the form of both detriment to the promisee and benefit to the promisor; the alleged

detriment to Mrs. Sears was the $25,000 she paid out in connection with the note, and the benefit to appellee was the $15,-000 he received for the lease and option under the other half of the transaction and the fact that the $25,000 was to be used to operate his mill, from which operation he was to receive rent. The error in appellant's argument in this respect is that it fails to recognize the fundamental common law principle that consideration must be *bargained for*— it must be the thing which the parties agree shall be given in exchange for the promise. Fire Insurance Association, Limited v. Wickham, 1891, 141 U.S. 564, 579, 12 S.Ct. 84, 35 L.Ed. 860; United Fruit Co. v. U. S., 1 Cir., 1951, 186 F.2d 890, 895; Simmons v. California Institute of Technology, 1949, 34 Cal.2d 264, 272, 209 P.2d 581, 586; Bard v. Kent, 1942, 19 Cal.2d 449, 122 P.2d 8, 139 A.L.R. 1032; Sharpless v. J. B. Kirk Gas & Smelting Co., 1929, 128 Kan. 722, 725, 280 P. 788, 789; Suske v. Straka, 1949, 229 Minn. 408, 415, 39 N.W.2d 745, 750; Connell v. Provident Life & Accident Ins. Co., 1949, 148 Tex. 311, 224 S.W.2d 194; 1 Williston, Contracts §§ 100, 102, 102A (3rd ed. 1957); Restatement, Contracts § 75 and comment b (1932). The alleged benefits to appellee and detriment to Mrs. Sears could have been consideration for appellee's promise had they been bargained for and intended as such. However, this was not the case, and therefore said benefits and detriment are not consideration. "The mere presence of some incident to a contract which might, under certain circumstances, be upheld as a consideration for a promise, does not necessarily make it the consideration for the promise in that contract. To give it that effect, it must have been offered by one party, and accepted by the other, as one element of the contract." Fire Insurance Association, Limited v. Wickham, 1891, 141 U.S. 564, 579, 12 S.Ct. 84, 88; accord, Bard v. Kent, supra; 1 Williston, Contracts § 100, supra; Restatement, Contracts § 75 comment b, supra. From appellee's conversation

with Mrs. Sears it is clear that his signature of the note was given solely in exchange for her promise that he would not be held liable on the note; hence there was no consideration which could make this note enforcible against appellee.

The parol evidence was admissible. The trial court accepted it as true. It is sufficient to sustain the findings.

Affirmed.