Clarence R. MOORE,
Defendant-Appellant,

v.

Maudie BOWYER and Thomas Bowyer,
Personal Representatives of the Estate
of Iva Kinnaman, Plaintiffs-Appellees.

No. 1–778A212.

Court of Appeals of Indiana,
First District.

April 30, 1979.

Rehearing Denied June 7, 1979.

George A. Cottrell, Indianapolis, Walter R. Johnson, Fortville, for defendant-appellant.

Thomas E. Williams, Greenfield, for plaintiffs-appellees.

ROBERTSON, Judge.

Defendant-appellant Clarence R. Moore (Moore) appeals the judgment of the Hancock Superior Court declaring certain certificates of deposit as assets of the estate of Iva Kinnaman, plaintiff-appellee.

We perceive Moore's allegation of error to be whether the donor's failure to read the terms of a signature card constitutes a sufficient ground for vitiating the incidents of survivorship expressly stated therein. Upon trial to the court, special findings of fact and conclusions of law were entered and judgment granted in favor of the estate. Such findings disclosed that Moore was one of two natural heirs of his mother, Iva Kinnaman, and that for several years he had handled her financial affairs. Due to physical infirmities, Moore possessed a power of attorney to write checks from Iva's checking accounts and performed most of her errands for her. When Iva received an inheritance of approximately $17,000, she directed Moore to deposit it for the payment of future debts. Moore decided that the monies should be deposited in a savings account in order to earn interest, and further decided that his name should be on the account so he could withdraw funds for his mother's benefit.

■ The trial court found that neither Moore [1] nor Iva requested the Savings & Loan Association for a joint account with rights of survivorship; however, as was customary with the Savings & Loan Association, a signature card expressing such an intent was given to Moore for his and Iva's signature. When Moore presented the card to Iva, she had the opportunity to read the terms thereof, but the trial court found as fact that Iva did not read the terms because she needed a magnifying glass (which she received as a Christmas present) to accomplish such a task. Monthly interest checks from the joint account were thereafter mailed to Iva wherein the signatures of Moore and Iva were required. In each instance, both endorsed the checks which were cashed and used for Iva's benefit. The evidence is uncontradicted that Iva was of sound mind throughout the above series of events. In its conclusions of law, the trial court declared that the terms of the signature card were clear and unambiguous and raised a rebuttable presumption that Iva intended the .funds to be a gift to Moore. *See Estate of Fanning,* (1975) 263 Ind. 414, 333 N.E.2d 80. Nevertheless, the trial court declared such a presumption could not stand in light of Iva's mistake of fact, *i. e.,* her failure to read the terms of the signature card.

In *Fanning,* our Supreme Court held that where a certificate of deposit creates a joint account with rights of survivorship in clear and unequivocal language, the donative intent of the donor is presumptively established. The thrust of the holding was that principles of contract law, rather than that of gifts, should be the governing substantive law due to the inherent contractual nature of such certificates.[2] As a third party contract, the donor could rescind during her lifetime; otherwise, the presump-

tive donative intent could be refuted only by parol evidence of fraud, duress, undue influence or mistake.

The signature card in issue recited the signatories were "joint tenants with right of survivorship and not as tenants in common," and "that any funds placed in or added to the account by any one of the parties is and shall be conclusively intended to be a gift . . . to the other signatory . . . to the extent of his or their pro rata interest . . . ." The trial court concluded the instrument was unambiguous.

■ We are unable to construe *Fanning* to permit the presumptive intent created by the above unambiguous language to be vitiated *on the sole grounds* that Iva, the donor, allegedly failed to read the signature card. The evidence is clear that Iva had the opportunity and the capability to read the terms of the card. In circumstances such as this, we believe ordinary contract rules should apply. As such, it is well settled that mere neglect will not relieve a party of the terms of the contract in the absence of some excuse for the neglect, *e. g.,* fraud, trickery, misrepresentation, breach of trust or confidence, etc. *See Hawkins v. First National Bank of Marion,* (1924) 81 Ind.App. 478, 143 N.E. 709; *Robinson v. Glass,* (1883) 94 Ind. 211. *See also Walb Construction Company v. Chipman, Construction Commissioner,* (1931) 202 Ind. 434, 175 N.E. 132. Since the trial court did not attribute any misleading or offensive acts to Moore, Iva's failure to read the card is insufficient, by itself, to ignore the unambiguous terms of the signature card.[3]

■ Appellee has argued alternative legal theories in favor of the judgment. We decline to reach these issues for two reasons. First, appellee has not alleged that

---

1. Since the donee-beneficiary need not even be aware of the existence of the certificate (*Fanning, supra*), Moore's ignorance of the *terms* therein is irrelevant.

2. This court applied various contract principles in a similar case. *Robison v. Fickle,* (1976) Ind.App., 340 N.E.2d 824. As in *Robison,* the

parties have not advanced any parol evidence rule contentions.

3. Appellee distinguishes *Fanning* on the grounds that the certificates here were obtained by the donee rather than the donor. We deem such a fact relevant only insofar as it would tend to show undue influence, etc.

the findings of fact and conclusions of law were volunteered by the trial court, thereby enabling this court to indulge in various presumptions (*see Hunter v. Milhous,* (1973) 159 Ind.App. 105, 305 N.E.2d 448), nor has he cited authority for such a proposition. Secondly, appellee submitted a memorandum entitled proposed findings of fact and conclusions of law, the inference being that a request therefor was made to the trial court precluding our analysis of theories not adopted by the court below. *See In Re Marriage of Miles,* (1977) Ind.App., 362 N.E.2d 171.

Therefore, the judgment is reversed and remanded for further proceedings not inconsistent with the views stated herein.

Reversed.

LYBROOK, P. J., and LOWDERMILK, J., concur.