John BURDSALL, Appellant
(Plaintiff Below),

v.

CITY OF ELWOOD and Webb Morris,
Mayor of City of Elwood, Appellees,
(Defendants Below).

No. 2–1082A338.

Court of Appeals of Indiana,
First District.

Sept. 27, 1983.

Ronald L. McNabney, Anderson, for appellant.

Anna Cotton Hailey, Elwood, for appellees.

ROBERTSON, Presiding Judge.

John Burdsall (Burdsall) appeals the granting of a motion for summary judgment by the Madison County Superior Court in favor of the City of Elwood and

Webb Morris (Morris), Mayor of the City of Elwood.

We affirm.

The facts most favorable to the non-moving party show that John Burdsall had been an employee of the Elwood Fire Department for eleven years prior to bringing this lawsuit. During this time he acted in various capacities, including the position of Assistant Fire Chief. In late September 1980, Mayor Morris was informed by the then fire chief, Duane Etchison, that he would resign his position as of October 1, 1980. Burdsall was interviewed and considered as a nominee for the job. He was told by Morris that in all probability he would get the job. On or about October 1, 1980, Morris announced that he had decided to appoint Jack Leisure as fire chief. He assumed the position and was sworn in on October 2, 1980.

On February 11, 1981, Burdsall filed his complaint for damages against the City of Elwood and its agent, Morris, in four counts alleging: Breach of Contract, Infliction of Emotion Harm, Negligence, and Political Firing. On May 10, 1982, Morris filed a motion for summary judgment. On May 25, 1982, the trial court affirmed its earlier dismissal for failure to state a claim upon which relief can be granted and entered summary judgment in favor of Morris and the City of Elwood. Burdsall then proceeded with this appeal.

Burdsall maintains that the trial court erred in granting summary judgment in light of the evidence and the issues of material fact. He maintains that Morris made an oral contract promising to appoint him fire chief. In addition, he asserts that his claim to the office is supported by the fact that he was the de facto chief for a period of one week and then de jure chief for a few hours.

██ In reviewing a summary judgment motion, we must determine whether there is any genuine issue of material fact and whether the law was correctly applied. *Hale v. Peabody Coal Company,* (1976) 168 Ind.App. 336, 343 N.E.2d 316. The moving party has the burden of establishing that no material facts are in genuine issue. All doubts and inferences are resolved in favor of the non-moving party. *Smith v. P & B Corp.,* (1979) 179 Ind.App. 693, 386 N.E.2d 1232. Accordingly, the products of discovery are liberally construed in the non-moving party's favor. *Podgorny v. Great Central Insurance Co.,* (1974) 160 Ind.App. 244, 311 N.E.2d 640. If there is any genuine issue for the trier of fact, the court must overrule the motion. In applying these rules, the court may not weigh the evidence nor resolve disputes as to different inferences that could be drawn from undisputed facts. *Id.* The standard of review applied by us is the same as that of the trial court; summary judgment as a matter of law. *Enderle v. Sharman,* (1981) Ind.App., 422 N.E.2d 686.

The facts as set forth previously are essentially undisputed. Therefore, we must examine the relevant law to determine whether it was correctly applied. According to statute, it is within the Mayor's duties to appoint the fire chief.[1] The removal of such a person from office is also subject to statutory provisions. I.C. 18–1–6–2 provides:

> It shall be the duty of the mayor to appoint the heads of departments, as hereinafter created, in cities of the first, second, third and fourth classes . . . : Provided, that the mayor may at any time, suspend, or remove from office any or all such heads of departments or other persons, whether appointed by him or by any of his predecessors, by notifying them to that effect and sending a message to the council stating in writing his reason for such removal.[2]

---

1. Both parties in their briefs, make reference to Title 18 of Ind.Code, City and Town Government. Title 18 has, however, been repealed and replaced by Title 36, the new local government title. Both Title 18 and Title 36 give the mayor of all second class cities the power to appoint the fire chief.

2. Since the parties have seemingly agreed to refer to Title 18 as opposed to Title 36, we also, shall refer to Title 18. For the present removal provision, see, Ind.Code 36–4–11–2.

The crux of Burdsall's argument is that he was wrongfully removed from the office of fire chief. This argument presupposes that he was installed in that position. Burdsall argues that although he was never officially sworn into office, he acted as fire chief for a period of one week prior to the former chief's resignation, thus for all practical purposes, establishing him as chief of the Elwood fire department. It is true that one who is in possession of a public office and discharging the duties of that office for such a length of time as to raise the presumption of a colorable right, constitutes a de facto officer. *City of Terre v. Burns,* (1917) 69 Ind.App. 7, 116 N.E. 604. However, in this case, we do not feel that a period of one week is a sufficient amount of time for the public to presume that Burdsall had been appointed fire chief. He was never paid a salary for his services and the mere fact that he "acted" as fire chief for a period of one week is insufficient to characterize him as a de facto officer.

Burdsall also maintains that he and Morris had an oral agreement assuring Burdsall of the appointment as fire chief. The mayor had given the keys to the fire chief's office and car to Burdsall, which he used during the week prior to the installation of the new chief. In spite of these actions by the mayor, a mere promise in and of itself does not automatically entitle one to relief as a matter of law. *See, Jenkins v. Hatcher,* (1975) 163 Ind.App. 95, 322 N.E.2d 117. In order to have a legally binding contract, there must be a bargained for exchange. *Urbanational Developers, Inc. v. Shamrock Engineering, Inc.,* (1978) 175 Ind.App. 416, 372 N.E.2d 742. Such is not the case here. Consequently, Burdsall's argument that an oral contract was made between the mayor and himself is without merit.

While Burdsall may have acquired certain external signs of the office, the fact remains that he was never officially recognized as fire chief. Duane Etchison received pay for the position through October 1, 1980, and Jack Leisure received pay for the position beginning October 2, 1980.

Since an official appointment never occurred, the statutory procedure for removal from office was not an issue. Also, there was no property interest involved requiring procedural due process as guaranteed under the Fourteenth Amendment to the United States Constitution. Therefore, the trial court did not err in granting summary judgment in favor of Morris and the City of Elwood.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.