David **BOGIGIAN**, Appellant (Respondent),

v.

Hazel **BOGIGIAN**, Appellee (Petitioner).

No. 49A02-8908-CV-424.

Court of Appeals of Indiana, Second District.

March 26, 1990.

Robert G. Bogigian, Dickman, Reason & Bogigian, Greenfield, Gustin Raikos, Indianpolis, for appellant.

B. Scott Skillman, Dann Pecar Newman, Talesnick & Kleiman, P.C., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Respondent-appellant David Bogigian (David) appeals from the reinstatement of a judgment in favor of Hazel Bogigian (Hazel), claiming the trial court erred when it determined Hazel's release of her judgment was not supported by consideration.

We affirm.

## FACTS

The facts most favorable to the trial court's judgment reveal that on January 31, 1986, David's marriage to Hazel was dissolved, and Hazel was given the following judgment:

"Wife shall receive a judgment on the family home in the amount of Ten Thousand Three Hundred Dollars ($10,300) ... Said judgment is to be paid when the parties' youngest child is emancipated, when Husband remarries, or if a woman is living in the residence in a married situation, *or when the Husband sells the real estate,* or if the children or the Husband cease to reside in the residence, whichever occurs first."

*Record* at 32 (emphasis supplied).

The residence was sold by David on February 20, 1987, and Hazel attended the closing with David. At the closing, Hazel executed several documents to effectuate the sale of the house. Among the documents executed was a quit claim deed and the release of her judgment against David. The release provided:

"Comes now HAZEL BOGIGIAN, this 20TH day of FEBRUARY, 1987, being first duly sworn upon oath, who deposes and says:

That a certain judgment rendered JANUARY 31, 1986, as Cause number # S385–126, against DAVID J. BOGIGIAN in favor of HAZEL BOGIGIAN, is hereby satisfied and released."

*Record* at 67.

Because David had no equity in the residence, the sale did not provide any funds from which to satisfy Hazel's judgment. Several months after the closing, David paid Hazel five dollars as her share of the sale's proceeds.

On June 30, 1988, Hazel initiated proceedings supplemental to satisfy her judgment. On January 1, 1989, David filed the release of judgment signed by Hazel during the closing. After a hearing on February 22, 1989, the trial court concluded that the release executed by Hazel was voidable for lack of consideration. The trial court reinstated Hazel's judgment on May 4, 1989.

## ISSUE

David raises several issues on review which we consolidate and restate as:

Whether the trial court erred when it reinstated Hazel's judgment?

## DECISION

*PARTIES' CONTENTIONS*—David contends that because Hazel received a benefit, as she was released from her obligations on the mortgage, her release was supported by consideration and therefore the trial court erred when it reinstated her judgment. In the alternative, David argues that Hazel should be equitably estopped from executing the judgment because he relied to his detriment on her release. Hazel responds that there was no consideration supporting her release because she did not realize the release she signed was a release of her judgment against David.

*CONCLUSION*—The trial court did not err when it reinstated Hazel's judgment because her release was not supported by consideration.

Because David filed a request for findings of fact and conclusions of law as permitted by Indiana Rules of Procedure, Trial Rule 52(A), this court cannot affirm the trial court's judgment on any ground which the evidence might support; rather we must determine whether the specific findings are adequate to support the trial court's decision and we will not reweigh the evidence or judge the credibility of the witnesses; we may consider only the evidence most favorable to the judgment. *Matter of Dull* (1988), Ind.App., 521 N.E.2d 972, *trans. denied.*

■ A release, to be valid, must be supported by consideration. *Pope v. Vajen* (1889), 121 Ind. 317, 22 N.E. 308; *Gates v. Fauvre* (1918), 74 Ind.App. 382, 119 N.E. 155. Consideration consists of *bargained-for* exchange. *Tolliver v. Mathas* (1989), Ind.App., 538 N.E.2d 971; *Wavetek Indiana, Inc. v. K.H. Gatewood Steel Co.* (1984), Ind.App., 458 N.E.2d 265, *trans. denied; Burdsall v. City of Elwood* (1983), Ind.App., 454 N.E.2d 434.

■ The evidence adequately supports the trial court's factual finding and legal conclusion that Hazel received no consideration for the release. The record demonstrates that Hazel and David did not *bargain* for the release in exchange for any benefits flowing to Hazel for detriments incurred by David. Both Hazel and David admitted that no representations concerning the release were made. *Record* at 136–37, 155. Hazel testified she thought she was signing the release of the mortgage so the house could be sold. *Record* at 165. Any benefit received by Hazel, or any detriment suffered by David, therefore, cannot be consideration for the release because David and Hazel did not *agree* the benefit or detriment would be consideration. *See Colorado Nat'l Bank of Denver v. Bohm* (9th Cir., 1961) 286 F.2d 494; *Bank of Marion v. Robert "Chick" Fritz, Inc.* (1974), 57 Ill.2d 120, 311 N.E.2d.138; 17 C.J.S. *Contracts* 74 (1963) pp. 762–63.

The United States Supreme Court, almost one hundred years ago, recognized:

"The mere presence of some incident to a contract which might, under certain circumstances, be upheld as a consideration for a promise, does not necessarily make it the consideration for the promise in that contract. To give it that effect, it must have been offered by one party, and accepted by the other, as one element of the contract."

*Fire Ins. Assoc., Ltd. v. Wickham* (1891), 141 U.S. 564, 579, 12 S.Ct. 84, 88, 35 L.Ed. 860. That consideration must actually be bargained-for is a long recognized and fundamental common law principle, *Bohm, supra;* 1 *Williston, Contracts* 100 (3rd Ed. 1957); Restatement, Contracts 75 Comment b (1932), a principle which frequently is seen in the cases as part of the definition of consideration: "Consideration consists of bargained-for exchange." *See Tolliver, supra; Wavetek, supra; Burdsall, supra.*

Because David and Hazel did not bargain for the release, the evidence most favorable to the trial court's judgment supports its finding and conclusion that Hazel received no consideration for the release.

■ As to David's estoppel claim, we observe that the elements of estoppel are: (1) a representation or concealment of material facts; (2) the representation must

have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant of the matter; (4) *it must have been made with the intention that the other party should act upon it;* and (5) the other party must have been induced to act upon it to his detriment. *Glaser v. Dept. of Pub. Welfare* (1987), Ind.App., 512 N.E.2d 1128, *trans. denied.*

■ Because David and Hazel did not bargain for the release, and because no representations concerning the release were made, David has failed to establish that the release was made with the intent that David act upon it; thus David has failed to establish Hazel should be equitably estopped from having her judgment reinstated. *Glaser, supra.*

Judgment affirmed.

STATON, J. concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

The adage that "hard cases make bad law" [1] might be applied to the case before us. But assuming that the law enunciated is not "bad," the decision nevertheless represents a dramatic change in the law of contracts—more particularly with regard to consideration.

The majority opinion states that consideration must consist of a "bargained-for exchange." In order to meet this test, it is not necessary that the benefit or detriment be negotiated, agreed upon by both parties and reflected by specific language in the instruments. It is sufficient that the detriment or benefit to the particular party flows from the bargain. The transaction of which the release was a part must be considered in its entirety. The consideration for the release need not be found in the release itself. It may be found in contemporaneous aspects of the transaction. *Goeke v. Merchants National Bank and Trust Co.* (1984) 1st Dist. Ind.App., 467 N.E.2d 760, *trans. denied.*

It is not necessary that the consideration flow between the promisor and the promisee. So long as the promisor obtains a benefit, the benefit may flow from a third party, e.g., the mortgagee here. *See Timberlake v. J.R. Watkins Co.* (1965) 138 Ind.App. 554, 209 N.E.2d 909, *reh. denied* 211 N.E.2d 193; 17 Am.Jur.2d, Contracts, Sec. 96.

It is clear that the benefit to Hazel was bargained for. The mortgagee's release of her upon the obligation was clearly and specifically a part of the bargain. Hazel's judgment constituted a lien against the real estate in David's name. Therefore it had to be released before the mortgage could be satisfied, taxes paid and clear title delivered. Therefore Hazel did benefit by the liability avoidance. That specific benefit was, by Hazel's own testimony, specifically contemplated as a consequence of her execution of the documents. That this bargained-for consideration was not specifically stated as the *quid pro quo* for the unambiguous release is not determinative. As noted in 17 C.J.S., Contracts Sec. 74, p. 763, cited by the majority, consideration exists

"if it is present anywhere in the entire transaction surrounding the agreement, regardless of whether any label has been put on it, and regardless of whether it was spelled out in the writing."

There were absolutely no representations or misrepresentations made by David nor by the mortgagee to Hazel with regard to the release. There was no hint of undue influence. The release executed was clear, unequivocal and unambiguous. That Hazel perhaps did not avail herself of the full and fair opportunity to read the release does not relieve her from the consequences of that clear and unambiguous instrument. *Moore v. Bowyer* (1979) 1st Dist., 180 Ind. App. 429, 388 N.E.2d 611. The release therefore must be given its full legal effect.

As stated in *Robison v. Fickle* (1976) 2d Dist., 167 Ind.App. 651, 340 N.E.2d 824,

1. Holmes, J. in *Northern Securities Co. v. United States* (1904) 193 U.S. 197, 24 S.Ct. 436, 48 L.Ed. 679.

829, although in a slightly different contractual context:

> "The intention of the parties to a contract is always vital to an understanding of that contract and of the relationships and rights created. However, as stated in *City of Indianapolis v. Kingsbury* (1884), 101 Ind. 200, 213:
>
> '... the intention to which Courts give heed is not an intention hidden in the mind of the landowner, but an intention manifested by his acts. It is the intention which finds expression in conduct and not that which is secreted in the heart of the owner, that the law regards. Acts indicate the intention, and upon the intention clearly expressed by open acts and visible conduct the public and individual citizens may act.'
>
> Thus does the law hold one to the natural legal consequences of words consciously chosen and utilized in a contract. 4 Williston on Contracts (3d ed.) Sec. 606."

*See also Mullen v. Tucker* (1987) 4th Dist. Ind.App., 510 N.E.2d 711, 713 ("a release ... constitutes a 'settlement' ... *notwithstanding the motives prompting the execution of the release.*")

Though in retrospect Hazel may have made a bad bargain, such does not diminish the effect of her execution of the release. As set forth in *Rutter v. Excel Industries, Inc.* (1982) 3d Dist. Ind.App., 438 N.E.2d 1030, 1031:

> "The freedom to contract includes the freedom to contract improvidently, and in the absence of countervailing policy considerations, private reservations or mistake will not avoid the results of apparent consent.
>
> 'If, whatever a man's real intention may be, he so conducts himself that a reasonable man would believe he was assenting to the terms proposed by the other party, and that the other party upon that belief enters into the contract with him, the man thus conducting himself would be equally bound as if he had intended to agree to the other party's terms.' *Smith v. Hughes* (Eng.1871), L.R. 6 Q.B. 597."

That the amount of Hazel's mortgage and tax liability avoidance may have been of a substantially lesser amount than the $10,300 judgment released is not a basis for the trial court's judgment. Inadequate consideration, as opposed to failure of consideration is not a basis for setting the release aside. *Harrison–Floyd Farm Bureau Co–Op. v. Reed* (1989) 1st Dist. Ind. App., 546 N.E.2d 855; *Herrera v. Collection Service, Inc.* (1982) 2d Dist. Ind.App., 441 N.E.2d 981.

A compassionate motivation to relieve Hazel from the consequences of her arguably bad bargain is understandable. Absent fraud, undue influence, incapacity or some other cognizable grounds for relief, however, I am unable to discern any legal basis for the holding today. The fact remains that Hazel signed the release which clearly stated its tenor and effect. In doing so she gave up the hope or possibility of recovering her $10,300 judgment against David, who at the time was virtually bankrupt and without any assets either in Indiana or Florida. In return she avoided having a judgment against her for an amount in excess of the $41,000 mortgage balance due at the time of closing. In light of David's relatively precarious financial position, it is not unlikely that Hazel would have felt the major impact of that mortgage liability. In this light, the bargain from Hazel's perspective may not have been all that unwise.

In any event I am constrained to dissent. I would reverse the judgment and direct the court to give full force and effect to the release.