**Danny MORGAN, Appellant–Defendant,**

v.

**BARGERSVILLE STATE BANK,
Appellee–Plaintiff.**

**No. 07A04–9106–CV–184.**

Court of Appeals of Indiana,
Fourth District.

Jan. 30, 1992.

Thomas M. Barr, Nashville, for appellant-defendant.

Brian C. Hewitt, Greenwood, for appellee-plaintiff.

CHEZEM, Judge.

## CASE SUMMARY

Appellant/Defendant, Danny Morgan (Morgan), appeals from a judgment for Appellee/Plaintiff, Bargersville State Bank (Bargersville). We reverse and remand.

## ISSUE

Did Morgan give "value" to John Foley (Foley) in exchange for a truck, loader and power unit?

## FACTS

On November 25, 1988, Bargersville loaned Foley $15,000. Foley then executed a security agreement pledging a truck, loader and power unit to Bargersville to secure repayment of the loan. Bargersville did not perfect its security interest in the loader and power unit until August 28, 1989, and did not perfect its security interest in the truck until December 12, 1989.

In early 1989, Morgan, a logger, wanted to harvest trees on an 80 acre tract of land, but lacked sufficient funds to purchase the land. Consequently, he made an agreement with his father whereby his father would purchase the land and Morgan would harvest the trees, splitting the profits with his father. The purchase price of the land was $85,000. Before Morgan's father acquired title to the land, Foley communicated to Morgan and his father that he wanted to purchase the land from them. Consequently, an agreement was made whereby Foley would pay Morgan's father $95,000, and pay Morgan and two other partners approximately $18,500.[1] At the closing on March 8, 1989, Foley paid Morgan's father $95,000, and issued a check to Morgan for $18,500. Morgan agreed not to cash the check for several weeks, as Foley did not have sufficient funds in the bank. In early April 1989, Foley still did not have sufficient funds to cover the check. Morgan agreed to accept the truck, loader, power unit and $4,500 in exchange for returning the uncashed check to Foley. On September 4, 1990, Foley filed for bankruptcy.

On November 1, 1990, Bargersville filed this action for replevin of the truck, loader and power unit from Morgan. Morgan claimed that, pursuant to Ind.Code 26-1-9-301(1)(c),[2] he had the superior interest because he purchased the items not in the ordinary course of business, for value and without knowledge of the security interest before Bargersville perfected its security interest. After a bench trial, the court concluded that the only "value" Morgan gave Foley was the set-off of a pre-existing debt, and thus Morgan could not be a purchaser for "value." The court entered judgment for Bargersville.

## DISCUSSION AND DECISION

■ When reviewing findings of fact and conclusions of law, we reverse only if the judgment is clearly erroneous. *McHenry v. Bartholomew County Department of Public Welfare* (1991), Ind.App., 581 N.E.2d 948, 952–953. A judgment is clearly erroneous if it is either unsupported by the findings and conclusions, or the findings and conclusions are not supported by the evidence. *Id.*

■ The trial court found that Morgan's surrender of a pre-existing debt could not be "value" to support his claim of a superior interest in the items. "Value," as used in IC 26-1-9-301(1)(c), is defined by IC 26-1-1-201(44), which provides: "a person gives value for rights if he acquires them: ... (b) as security or in total or partial satisfaction of a preexisting claim; ..." The trial court's finding is clearly at odds with the statute. The surrender of a pre-existing claim, either in total or in part, constitutes "value" under IC 26-1-9-301(1)(c).

■ Bargersville argues that in any event the judgment should be affirmed be-

1. The trial court found that "Danny [Morgan] and apparently two other partners were to receive eighteen thousand ($18,000) to nineteen thousand ($19,000) dollars." We refer to this amount as $18,500.

2. (1) Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of:

   .    .    .    .    .

  (c) in the case of goods, instruments, documents, and chattel paper, a person who is not a secured party and who is a transferee in bulk or other buyer not in ordinary course of business, to the extent that he gives value and receives delivery of the collateral without knowledge of the security interest and before it is perfected;

   .    .    .    .    .

**308**

cause Morgan did not actually give value for the truck, loader and power unit. Bargersville contends that Morgan did not have an interest in the land to give Foley in exchange for the $18,500 check. Bargersville cites the trial court's finding that Morgan "never had equitable or legal title to the real estate." Because Morgan did not have an interest in the land which would support the payment of $18,500, Bargersville argues, the surrender of that sum was not the surrender of a pre-existing debt. We disagree.

Bargersville misses the mark in contending that Morgan must have had an interest in the land to make his claim to the $18,500 enforceable. Morgan's claim to the $18,500 is enforceable regardless of his lack of interest in the property. The consideration necessary to support a contract need not be given to the promisor; it may be given to another party. *Restatement (Second) of Contracts* § 71(4) (1969). *See also, Timberlake v. J.R. Watkins Company* (1965), 138 Ind.App. 554, 209 N.E.2d 909 (consideration need not be of benefit to the party making the promise). Here, Morgan's father agreed to sell the land to Foley in exchange for a payment to him of $95,000, and a payment to Morgan and his partners of $18,500. Morgan was not a party to the contract, as he had nothing to convey to Foley. However, Morgan need not be a party to the contract to have an enforceable claim to the consideration supporting the contract.

Because the findings and conclusions do not support the judgment, we reverse and remand for a determination of whether Morgan's interest in the secured items satisfies the requirements of IC 26–1–9–301(1)(c).

CONOVER and BARTEAU, JJ., concur.