41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TAKANO-TOWA GUAM CO., LTD., Plaintiff-Appellant,
v.
Mickey S. COX, Defendant-Appellee.
 No. 93-15875.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 10, 1994.
 
 Before: BROWNING, TROTT, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A contract must be supported by consideration. See 18 G.C.A. Sec. 85102 (1992). Consideration is the product of a bargained-for exchange, Colorado Nat'l Bank of Denver v. Bohm, 286 F.2d 494, 496 (9th Cir.1961), consisting in either a benefit to the promisor or a detriment to the promisee, Twin City Fire Ins. Co. v. Philadelphia Life Ins. Co., 795 F.2d 1417, 1427 (9th Cir.1986). Like other essential elements of a contract, the consideration given in exchange for a promise must be specified with certainty. Cf. Jackson v. Grant, 890 F.2d 118, 120 (9th Cir.1989); Transamerica Equipment Leasing Corp. v. Union Bank, 426 F.2d 273, 274 (9th Cir.1970). For a contract to be enforceable, its terms must be "reasonably certain" and must "provide a basis for determining the existence of a breach and for giving an appropriate remedy." Restatement (Second) of Contracts Sec. 33 (1981). Even if the trial court was correct that Cox promised to repay $300,000 to Takano-Towa, the record does not reveal what promise or forbearance Takano-Towa offered in return.
 
 
 3
 Takano-Towa invites the court to infer that its counterpromise was "to take no further action against Cox as a result of his conduct as director and President of the corporation if he paid back the $300,000." (See E.R. 27.) The record is devoid of any reference to such a promise, (see Cox Brief 20), however, and the court has no basis for inferring it. The absence of a basis in the record for inferring that Takano-Towa either sustained a detriment in exchange for Cox's promise to pay $300,000 or conferred a corresponding benefit on Cox necessarily renders the trial court's finding of an enforceable contract clearly erroneous. Our conclusion as to consideration makes it unnecessary for us to consider the issues of mutual assent and immunity.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3