**Robert SPROWL, Appellant,**

v.

**John R. EDDY, Appellee.**

**No. 30A01–8903–CV–69.**

Court of Appeals of Indiana,
First District.

Dec. 18, 1989.

Rehearing Denied March 1, 1990.

Stephen J. Peters, Stewart & Irwin, Indianapolis, for appellant.

Mark W. Murphy, Indianapolis, James L. Brand, Brand & Allen, Greenfield, for appellee.

BAKER, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Robert W. Sprowl (Sprowl), brings this interlocutory appeal from the denial of his motion for summary judgment and the striking of his affirmative defense of the statute of limitations.

We affirm in part and reverse in part.

## STATEMENT OF THE FACTS

On December 10, 1985, plaintiff-appellee, John R. Eddy (Eddy), allegedly suffered personal injury when the automobile he was driving was involved in a collision with an automobile driven by Sprowl. Thereafter, Eddy sought medical treatment and hired an attorney to represent his interests against Sprowl's insurance company, Indiana Farmers Mutual Insurance Company (Farmers Mutual). Although Eddy's attorney and representatives of Farmers Mutual exchanged communications over the next several months, the case still was not settled as the December 10, 1987 statute of limitations deadline approached. By letter dated December 3, 1987, Farmers Mutual agreed to waive the statute of limitations until February 9, 1988, so that the parties could continue their efforts to reach a settlement. By letter dated February 3, 1988, Farmers Mutual again agreed to extend

the statute of limitations until February 12, 1988.

On February 9, 1988, Eddy filed his complaint for damages against Sprowl as he had not yet reached a settlement with Farmers Mutual. Thereafter, Sprowl filed an answer asserting the statute of limitations as an affirmative defense. Eddy filed a motion to strike the defense and Sprowl moved for summary judgment. Upon conducting a hearing, the trial court denied Sprowl's motion for summary judgment and granted Eddy's motion to strike Sprowl's statute of limitations defense. The sole issue raised for our review is the correctness of the trial court's rulings.

## DISCUSSION AND DECISION

Disposition of a case by summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to a judgment as a matter of law. Ind. Rules of Procedure, Trial Rule 56(C). In reviewing the propriety of a summary judgment, we apply the same standard as the trial court. *Ogden Estate v. Decatur County Hosp.* (1987), Ind.App., 509 N.E.2d 901, 902, *trans. denied.* We resolve any doubt against the proponent of the motion, taking all facts properly asserted by the party opposing the motion as true. *Id.* The proponent bears the burden of establishing the motion's propriety. Thus, when a statute of limitations defense is offered as the ground for the motion, the moving party must presumptively establish that defense by placing before the trial court T.R. 56(C) materials demonstrating that the action was initiated against him beyond the statutory limit. The burden of establishing the existence of material facts in avoidance of the statute of limitations defense then shifts to the opponent of the motion. The non-movant must come forward with specific facts showing a genuine factual dispute as to the application of the relevant statute of limitation. *Conard v. Waugh* (1985), Ind.App., 474 N.E.2d 130, 134; *Creighton v. Caylor–Nickel Hosp., Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1306, *trans. denied.*

There is no question that Sprowl has met his burden of demonstrating that Eddy's action was initiated beyond the two-year limit applicable to claims for personal injuries and property damage. *See* IND. CODE 34–1–2–2. The motor vehicle accident allegedly causing Eddy's injuries occurred on December 10, 1985. Eddy did not file his complaint until February 9, 1988.

Once Sprowl satisfied his burden, Eddy was required to come forward with material facts to dispute the application of the statute of limitations. Eddy presented evidence of communications between his counsel and Farmers Mutual wherein Farmers Mutual twice waived the statute of limitations. The face of the complaint reveals it was filed on February 9, 1988, a date within the period of extension.

Sprowl argues Eddy's evidence was insufficient because he did not personally agree to an extension of the statutory period. Consequently, Sprowl argues, he is not bound by an agreement made by his insurance carrier because his insurer was not as a matter of law his agent for purposes of defense or settlement. Furthermore, Sprowl contends the undisputed facts preclude Eddy from successfully raising equitable estoppel as a bar to his statute of limitations defense.

> The elements of equitable estoppel are: (1) A representation or concealment of material facts; (2) the representation must have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant of the matter; (4) it must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced to act upon it to his detriment.

*Glaser v. Department of Pub. Welfare* (1987), Ind.App., 512 N.E.2d 1128, 1130, *trans. denied.* To constitute an estoppel, there must be some evidence of reliance. *AAA Wrecking Co. v. Barton, Curle & McLaren* (1979), 182 Ind.App. 418, 395 N.E.2d 343, *trans. denied.* The element of reliance consists of two distinct parts: the fact of reliance and the right of reliance.

*Plymale v. Upright* (1981), Ind.App., 419 N.E.2d 756, 761. Normally, the right of reliance is established by proof of the exercise of common prudence and diligence in relying on representations. *Id.* n. 4 (citing 37 C.J.S. *Fraud* § 30, pp. 272–73). What constitutes reasonable prudence and diligence depends on the circumstances of the case. *Id.*

Sprowl argues Eddy failed to establish he had a right to rely upon Farmers Mutual's representations concerning the extension of the statute of limitations. Specifically, Sprowl contends that the negotiations were conducted at arm's length between equally competent parties and that Eddy's attorney either knew or should have known that under Indiana law there was no agency relationship between Sprowl and Farmers Mutual. Accordingly, Sprowl contends, Eddy had no right to rely on Farmers Mutual's actions because Sprowl was the only one who could agree to extend the statute of limitations period.

We agree with Sprowl's general assertion that the mere existence of an insurance contract does not create an agency relationship between Sprowl and Farmers Mutual for purposes of settlement negotiations. *Martin v. Levinson* (1980), Ind. App., 409 N.E.2d 1239, *trans. denied; Eichler v. Scott Pools, Inc.* (1987), Ind.App., 513 N.E.2d 665. We do not agree, however, that as a matter of law Farmers Mutual's actions in this case bar the application of equitable estoppel to Sprowl's statute of limitations defense. As this court has stated, "law should call on equity where a statute of limitations works inequity." *Marcum v. Richmond Auto Parts Co.* (1971), 149 Ind.App. 120, 126, 270 N.E.2d 884, 887 (citing *Gieder v. Philadelphia Transp. Co.* (1954), 3 Pa.Dist. & Co. R.2d 135, 140).

■ The threshold question before us is whether Farmers Mutual's conduct in agreeing to extend the statute of limitations period amounted to more than mere settlement negotiations. *Martin, supra.* A simple willingness to negotiate is insufficient to constitute such conduct. *Id.; Collins v. Dunifon* (1975), 163 Ind.App. 201, 323 N.E.2d 264. Rather, the insurer's conduct or statements during the negotiations process "must be of a caliber calculated to lead the other party to inaction to constitute an estoppel." *Martin, supra* at 1243. Evidence of such conduct creates an issue of fact as to whether the claimant was lulled into inaction, whereas an absence of such evidence allows the statute of limitations defense to be disposed of as a matter of law. *Id.* (citing *Flagler v. Wessman* (1970), 130 Ill.App.2d 491, 494, 263 N.E.2d 630, 632).

In *Martin,* this court found that although the insurer continued to negotiate a settlement with Martin beyond the statute of limitations period, it did not prevent Martin from asserting his legal rights. This court found it dispositive that the insurer did not promise Martin a settlement would definitely be achieved, and did not suggest that Martin refrain from legal action. In addition, this court relied on the fact that Martin wrote a letter to the insurer evidencing his intent to preserve his cause of action and that the insurer did nothing to dissuade Martin from suing. Accordingly, the insurer's conduct was not of a caliber calculated to cause Martin to "miss" the applicable statute of limitations.

Because of Sprowl's insistence on arguing that the lack of an agency relationship between him and Farmers Mutual prevents the application of equitable estoppel to his statute of limitations defense, it is important to note that this court in *Martin, supra,* separated the two issues. The insurer's conduct was *first* evaluated on equitable estoppel grounds before the question of agency was decided. Had the insurer's conduct been found to constitute an estoppel, the statute of limitations defense would have been barred regardless of whether the insurer was acting as the insured's agent. The fact that Sprowl did not personally participate in the agreement was simply an additional consideration for the trier of fact in determining whether estoppel was appropriate.

On December 3, 1987, Farmers Mutual sent the following letter to Eddy's attorney:

Dear Mr. Murphy:

In our meeting of November 24, 1987 where you submitted to me the report of Robert Silbert on Mr. Eddy's injury status you questioned whether we would waive the statute of limitations so that you would not be required to file a lawsuit on this matter while we attempt to negotiate a settlement of your client's claim.

Indiana Farmers Mutual Insurance Co. is in agreement with waiving the statute of limitations for a period of sixty days or until February 9, 1988 while we attempt to amicably negotiate your client's injury claim settlement.

*Record* at 107. On February 3, 1988, Farmers Mutual again wrote Eddy's counsel stating the following:

Dear Mr. Murphy:

Confirming our discussion of Friday, January 29, 1988, at which time I made an offer to settle Mr. John R. Eddy's claim in the amount of ‗‗‗‗‗ we await your response.

During the discussion on January 29, 1988, I agreed to extend the statute of limitations from the previously extended date of February 9, 1988 through Friday, February 12, 1988.

*Record* at 112 (amount omitted in original). Both of Farmers Mutual's letters were written within a week of the deadline. Both letters mentioned waiving the statute of limitations while awaiting settlement.

It is reasonable to infer that Eddy would rely on Farmers Mutual's written assurances and forego filing suit within the time allowed under the statute of limitations. It was not beyond common prudence and diligence for Eddy's counsel to believe that since Farmers Mutual was the party with whom he would reach an ultimate settlement, then Farmers Mutual was capable of waiving the statute of limitations period. Contrary to Sprowl's assertion, Eddy's counsel's knowledge or lack thereof of any agency relationship between Sprowl and Farmers Mutual is of no consequence as their relationship does not affect the application of equitable estoppel. Accordingly,

Eddy had a right to rely on Farmers Mutual's representations. *Plymale, supra.*

■ Eddy had a right to rely on Farmers Mutual's conduct and did in fact rely on it by postponing the filing of his lawsuit. Evidence existed, therefore, that Farmers Mutual's conduct went beyond mere settlement negotiations in that it was of a caliber calculated to lead Eddy to inaction. Accordingly, a question of fact was created on the issue of estoppel. *Martin, supra* (citing *Flagler, supra*). Because this issue of fact was both genuine and material to this case, the trial court properly denied Sprowl's motion for summary judgment.

The trial court, however, erred in granting Eddy's motion to strike Sprowl's statute of limitations defense. Because a question of fact exists on the issue of estoppel, Sprowl must necessarily be permitted to raise his defense. If the trier of fact ultimately determines equitable estoppel applies, then Sprowl's defense will become inconsequential. Until that time, however, we cannot deny Sprowl the opportunity to defend his case.

As a final note, we acknowledge Sprowl's argument that Eddy's demand exceeds the limits of Sprowl's insurance policy. As a result, Sprowl could potentially be exposed to liability in excess of Farmers Mutual's obligation under the policy. Sprowl's argument is well taken. While it may be determined to be inequitable to bar Eddy's claim, it would also be unfair to expose Sprowl to liability beyond the policy limits.

In negotiating with Farmers Mutual, Eddy relied on its representations made pursuant to its settlement authority under the terms of Sprowl's insurance policy. Eddy could not have expected to settle with Farmers Mutual for more than the amount it was authorized to pay. Because the extent of his reliance was confined to Sprowl's policy and the limits thereunder, Eddy may not now use the doctrine of equitable estoppel to increase his recovery beyond those limits. As was so aptly stated by this court:

The doctrine springs from equitable principles, and is designed to aid the law in the administration of justice where with-

out its aid injustice might result. It is purely a defensive weapon, its purpose being to preserve rights previously acquired, and not to create new ones. Its use is as a shield, and not as a sword. It should never be invoked as an instrument of gain but should be confined to saving harmless or making whole the party in whose favor it arises.

*Bowes v. Lambert* (1943), 114 Ind.App. 364, 368, 51 N.E.2d 83, 85, *trans. denied* (citations omitted). Requiring Eddy's potential recovery to be within Sprowl's policy limits avoids using the doctrine of equitable estoppel as an "instrument of gain." In the event Eddy recovers on his claim, he may be permitted to do so only to the extent of his reliance on Farmers Mutual's representations. Sprowl cannot be required to provide any personal resources to compensate Eddy. Such a result furthers the underlying principles of equitable estoppel by promoting justice under the circumstances of this case.

Judgment affirmed in part and reversed in part.

SHIELDS, P.J., concurs.

ROBERTSON, J., concurs in result with separate opinion.

ROBERTSON, Judge, concurring.

I concur in the result of this appeal with the observations that this appeal was decided on an issue extraneous to the appeal and that, in my opinion, the insurance company, under these facts, was without any authority to bind its insured to any agreement for any damages in excess of the policy limits.