David BOGIGIAN, Appellant
(Respondent),

v.

Hazel BOGIGIAN, Appellee
(Respondent).

No. 49A02–8908–CV–424.

Court of Appeals of Indiana,
Second District.

Sept. 17, 1990.

Robert G. Bogigian, Dickman, Reason & Bogigian, Greenfield, Gustin Raikos, Indianapolis, for appellant.

B. Scott Skillman, Dan Pecar Newman, Talesnick & Kleiman, P.C., Indianapolis, for appellee.

## ON REHEARING

BUCHANAN, Judge.

In our original opinion appearing as *Bogigian v. Bogigian* (1990), Ind.App., 551 N.E.2d 1149, we affirmed the trial court's reinstatement of Hazel Bogigian's (Hazel) judgment against David Bogigian (David). The trial court determined the release of judgment signed by Hazel was not supported by consideration and we affirmed on the basis that there was evidence to support the conclusion that Hazel and David had not agreed that the benefits received by Hazel would constitute consideration. We now address David's petition for rehearing for the limited purpose of expanding upon our earlier discussion.

David views our opinion as requiring that the consideration for the release be recited as the *"quid pro quo"* and that it flow directly from the promissor to the promisee. David also complains that our decision allows a retrospective determination that there was no consideration based upon the subjective motives prompting the execution of the release and based upon the subjective value and amount of consideration. Our opinion does none of these things. Simply stated, it merely reaffirmed the age-old requirement that consideration be actually bargained-for.

The ultimate question decided by the trial court was a question of fact. The trial court issued the following findings of fact:

"6. The family home was in foreclosure when it was sold on February 20, 1987, however, Hazel received no service of process, nor any notice whatsoever of the foreclosure proceedings against the family home.

7. David acted alone in selling the family home, was listed as the only named "Seller" and did not consult with nor contact Hazel until he requested her presence at the closing "in order to release the mortgage".

8. Hazel and David both attended the closing on February 20, 1987, without the benefit of legal representation.

9. At the closing, Hazel executed two (2) documents, which included, a Quit Claim Deed to Richard Imel (the buyer of the residence), and a "Release of Judgment".

10. Hazel received no consideration for her execution of either the Quit Claim Deed or the Release of Judgment.

11. Hazel believed that the documents she was executing were to "release the mortgages", so that David could sell the house and she did not receive copies of any documents at the closing."

*Record* at 99.

The record supports these findings. Both Hazel and David testified that no representations concerning the release were made. *Record* at 136–37, 155. Because consideration consists of bargained-for exchange, *Tolliver v. Mathas* (1989), Ind.App., 538 N.E.2d 971, *trans. denied,* and because the evidence demonstrates Hazel and David did not bargain for or agree that the benefits Hazel received would constitute consideration, the evidence supports the trial court's finding that Hazel did not receive consideration for the release.

The question of whether Hazel and David agreed to, or bargained for, any consideration is a question of fact. Special findings will be set aside only if they are clearly erroneous, that is, if the record contains no facts or inferences supporting them. *Kaminszky v. Kukuch* (1990), Ind. App., 553 N.E.2d 868; *Northwest Calf Farms, Inc. v. Poirier* (1986), Ind.App., 499 N.E.2d 1165, *trans. denied.*

Even if we agreed with David's allegation, that there was evidence in the record which could support an inference that Ha-

zel did agree the benefits she received would constitute consideration, we could not reverse the trial court's ruling because there was *other* evidence which supports it. When reviewing the trial court's findings, we cannot reweigh evidence and we must only look at the evidence in a light most favorable to the trial court. *Ind. Fed. S & L v. Breitinger* (1990), Ind.App., 551 N.E.2d 1172. David simply asks us to re-weigh conflicting evidence (a bête noir in the appellate world).

The petition for rehearing is denied.

STATON, J., concurs.

SULLIVAN, Judge, votes as follows:

FOR THE REASONS SET FORTH IN MY DISSENT UPON THE MERITS, I RESPECTFULLY DISSENT FROM THIS OPINION UPON REHEARING. I WOULD GRANT REHEARING AND WOULD REVERSE THE JUDGMENT OF THE TRIAL COURT DIRECTING THAT THE RELEASE BE GIVEN FULL FORCE AND EFFECT.