**NORTHERN INDIANA PUBLIC SERVICE COMPANY,**
**Appellant**

v.

**Lester STOKES, Nathaniel Ruff and Lesniak and Ruff, Appellees.**

**No. 45A03–9203–CV–68.**

Court of Appeals of Indiana,
Third District.

July 16, 1992.

Edward P. Grimmer, Crown Point, for appellant.

Richard J. Lesniak, Lesniak & Ruff, East Chicago, for appellees.

STATON, Judge.

Northern Indiana Public Service Company ("NIPSCO") appeals a grant of summary judgment, upon motion by Lester Stokes, Nathaniel Ruff and Lesniak & Ruff ("Defendants"), which limited NIPSCO's lien recovery to $2,993.00. NIPSCO presents three issues for our review:

    I.  Whether the trial court erroneously granted summary judgment upon the theory of equitable estoppel.

    II.  Whether the trial court should have awarded prejudgment interest to NIPSCO.

    III.  Whether the trial court should have awarded attorney fees to NIPSCO.

We reverse and remand.

On April 19, 1991, NIPSCO filed a complaint against the defendants, seeking satisfaction of an employer's worker's compensation lien in the net amount of

$4,542.37, plus prejudgment interest. On August 20, 1991, NIPSCO filed a motion for summary judgment. On September 19, 1991, the defendants filed their cross motion for summary judgment, asserting that NIPSCO should be estopped from recovering an amount greater than $2,993.00. Hearing on the respective motions was held on October 16, 1991. On November 27, 1991, the trial court entered judgment for NIPSCO in the amount of $2,993.00:

> "The Court, having taken this matter under advisement now finds:
>
> 1. Plaintiff's motion for Summary Judgment DENIED.
>
> 2. Defendants' motion for Summary Judgment GRANTED and a finding that defendants' obligation to the plaintiff is in the amount of $2,993.00 that defendants had previously offered to pay. Judgment for defendants in all amounts in excess of $2,993.00.
>
> So Ordered."

Record, p. 14.

The underlying facts disclosed by the pleadings, answers to interrogatories and affidavits are these. Stokes, acting within the scope of his employment as a NIPSCO employee, was injured in an automobile collision on September 1, 1981. Subsequently, NIPSCO paid worker's compensation benefits to and on behalf of Stokes.

Stokes prosecuted a claim against the driver of the other vehicle. Prior to trial, Stokes' counsel (Ruff) contacted the NIPSCO claims office to obtain information regarding sums due NIPSCO under its statutory lien for recovery of worker's compensation benefits.[1] [No evidence of a written notice informing NIPSCO of the negligence action was produced during discovery in the instant action.[2]] Copies of medical disbursements totalling $4,489.53 were mailed to Ruff.[3]

On May 29, 1990, Ruff contacted Larry Russell at NIPSCO and unsuccessfully requested a reduction of the lien amount. On June 13, 1990, judgment was entered upon a jury verdict awarding Stokes $20,000.00. On or about July 11, 1990, the amount of the judgment was received by Ruff and placed into the trust account of Lesniak & Ruff. Stokes contacted Greg Filipowski at NIPSCO on July 12, 1990 seeking reduction of the lien; the request was denied.

On July 25, 1990, Ruff requested a written statement of the lien amount:

> RE: Lester Stokes
>     D/A: 9/1/81
>
> Dear Mr. Russell:
>
> As you know we have reached a settlement in the above captioned case with the opposing parties.
>
> I have searched through our file for a letter from you with the exact amount that we need to reimburse you and have been unable to locate it.
>
> Would you please send me a letter stating the exact amount of reimbursement so that we may make out the check and forward it to you.
>
> If you have any questions, please feel free to contact me.

1. IND.CODE 22-3-2-13 provides in pertinent part: "If the injured employee or his dependents shall agree to receive compensation from the employer or the employer's compensation insurance carrier or to accept from the employer or the employer's compensation insurance carrier, by loan or otherwise, any payment on account of the compensation, or institute proceedings to recover the same, the employer or the employer's compensation insurance carrier shall have a lien upon any settlement award, judgment or fund out of which the employee might be compensated from the third party."

2. I.C. 22-3-2-13 provides that: "In actions brought by the employee or his dependents, he or they shall, within thirty (30) days after the action is filed, notify the employer or the employer's compensation insurance carrier by personal service or registered mail, of the action and the name of the court in which such suit is brought, filing proof thereof in the action." NIPSCO averred in its complaint that the defendants failed to provide written notice. In their answers to NIPSCO's complaint, the defendants averred that they were without sufficient knowledge to admit or deny whether written notice was provided by the law firm of Dawson & Lesniak (a predecessor of Lesniak & Ruff). However, the parties do not dispute that NIPSCO had actual knowledge of Stokes' suit against the other driver prior to trial.

3. $4,489.53, less NIPSCO's share of attorney fees, results in a net distribution of $2,993.00.

Thank you for your courteous cooperation in this matter.

Truly yours,

LESNIAK & RUFF

By: Nathaniel Ruff /s/·

Record, p. 59.

On July 26, 1990, the following amounts were disbursed from the trust account of Lesniak & Ruff:

| | |
|---|---|
| Lester Stokes | $9,685.70 |
| Lesniak & Ruff (atty fees) | 5,000.00 |
| Lesniak & Ruff (expenses) | 1,047.30 |
| Foster–Western Pharmacy | 774.00 |

The amount of $3,493 was retained in the trust account:

| | |
|---|---|
| Dr. Manley | 500.00 |
| NIPSCO | 2,993.00 |

By letter dated July 30, 1990, NIPSCO confirmed in writing the lien amount:

Re: Lester Stokes

D/A—September 1, 1981

Dear Mr. Ruff:

Please be advised the outstanding amount of our lien is $4,489.53. We will expect payment in the near future.

Respectfully,

G. Filipowski /s/

Claims Investigator

Record, p. 60.

On August 2, 1990, Ruff requested an itemization of the expenditures totalling $4,489.53. On August 10, 1990, Filipowski drafted a letter providing in pertinent part:

"Please be advised that our notice of lien for $4,489.53 was only for the medical bills (copies of which are enclosed). In addition the Company incurred $2,700.00 in lost wages ($140.00 for 19 weeks and $40.00 for two days). These records were previously sent to you by our Mr. Russell. I note that our July 30th letter indicated a lien for only the medical. Our lien for both the medical and lost wages is for $7,189.53. Accordingly, our recovery is $4,793.02."

Record, p. 62.

Ruff responded by letter dated January 4, 1991, which provided in pertinent part:

"This letter is in response to your last letters to me and recent telephone conversations stating a revised lien for Mr. Stokes in the amount of $7,189.53. As you know, prior to Mr. Stokes personal injury trial, I requested from you the amount of the lien that NIPSCO sought with respect to Mr. Stokes workmen's compensation. You informed that the amount was $4,489.53. We further agreed that one-third of this amount would go for attorneys fees. NIPSCO thus would be entitled to $2,993.02, less a proportionate share of its expenses.... My client was very unhappy with the jury verdict and seriously considered taking an appeal based on errors committed by the trial court. One of the factors which he considered in deciding whether to appeal the judgement was the amount of the lien NIPSCO claimed. He decided not to appeal based in part on the $4,489.53 figure you gave me."

Record, p. 63.

■ A party who moves for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. Ind.Trial Rule 56; *ITT Com. Finance v. Union Bank & Trust* (1988), Ind.App., 528 N.E.2d 1149, 1151. On appeal, we must determine whether the trial court correctly applied the law to undisputed facts. *Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452, 454. Even where the facts are not disputed, summary judgment is inappropriate if there exists a good faith dispute as to the inferences to be drawn from those facts. *Protective Ins. Co. v. Coca–Cola Bottling Co.* (1981), Ind. App., 423 N.E.2d 656, 659, *trans. denied.*

■ The defendants were entitled to judgment as a matter of law if undisputed facts without inference favorable to NIPSCO established each element of equitable estoppel: (1) a representation or concealment of material facts; (2) made by one having knowledge of the facts; (3) made to one without knowledge of the facts; (4) with the intention that the other party should act upon it; (5) inducing the other party to act upon the representation to his detriment. *Bogigian v. Bogigian* (1990), Ind.App., 551 N.E.2d 1149, 1151–2, *reh. denied,* 559 N.E.2d 1199. The foregoing

elements are essentially those which would give rise to a claim for actual or constructive fraud. *Reeve v. Georgia–Pacific Corp.* (1987), Ind.App., 510 N.E.2d 1378, 1382. Negligence can be the basis for estoppel. *Id.* at 1383.

Assuming as true the facts asserted by NIPSCO (the opponent of summary judgment on equitable estoppel grounds), an inference favorable to NIPSCO may be drawn concerning whether NIPSCO's representations misled one *without knowledge* of the facts. A factfinder could reasonably infer that Stokes, as beneficiary of the disbursed worker's compensation benefits, had knowledge of the total amount expended by NIPSCO. Where each party has equal knowledge, or means of knowledge, of all the facts, there is no estoppel. *Live Stock Ins. Co. v. Stickler* (1917), 64 Ind. App. 191, 199, 115 N.E. 691, 693. Furthermore, an inference in favor of NIPSCO exists with respect to the element of inducement to act to one's detriment. Ruff disbursed the judgment funds from the trust account of Lesniak & Ruff before receipt of the verification of the lien amount requested by Ruff on July 25, 1990. A factfinder might infer that Stokes had decided to forego an appeal and authorized Ruff's disbursement of funds irrespective of the forthcoming statement of lien amount. On the other hand, one might infer that Ruff requested the written total from NIPSCO solely for "bookkeeping" purposes and relied upon NIPSCO's prior oral representation when he disbursed funds and reserved $2,993.00 for NIPSCO's benefit.

Liberally construing the evidence in favor of the non-movant, we conclude that summary judgment was inappropriately granted because conflicting inferences are possible from the undisputed facts.

## II.

### Prejudgment Interest

NIPSCO contends that prejudgment interest is appropriate in this case because the amount of its worker's compensation lien is readily ascertainable. Defendants argue that NIPSCO should not recover prejudgment interest because the complaint sought $4,542.37 (a disputed amount) rather than $2,993.00 (the undisputed net recovery for medical expenses).

A prejudgment interest award is justified only where there has been an unreasonable delay in payment of an ascertainable amount. *Gibson–Lewis Corp. v. N. Ind. Pub. Serv.* (1988), Ind.App., 524 N.E.2d 1316, 1319, *trans. denied.* Where a good faith dispute exists concerning a portion of a claim, interest is properly limited to the undisputed (ascertainable) portion of the claim. *Id.* NIPSCO is entitled to prejudgment interest on the readily ascertainable claim for medical payments ($2,993.00).

## III.

### Attorney Fees

Finally, NIPSCO contends that the defendants should pay attorney fees pursuant to IND.CODE 34–1–32–1(b)(1):

> "In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if it finds that either party:
> (1) Brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;"

NIPSCO represented, by letter dated July 30, 1990, that the outstanding lien amount was $4,489.53 (providing for a net recovery of $2,993.00) and subsequently demanded a net recovery of $4,542.37. While the defendants' detrimental reliance may be disputed, we cannot conclude that the advancement of an equitable estoppel defense under these circumstances is frivolous, unreasonable, or groundless.

Reversed and remanded for proceedings consistent with this opinion.

GARRARD and CONOVER, JJ., concur.