**TERRA NOVA DAIRY, LLC,**
Appellant–Petitioner,

v.

**WABASH COUNTY BOARD OF ZONING APPEALS,**
Appellee–Respondent.

**No. 85A04–0802–CV–49.**

Court of Appeals of Indiana.

July 17, 2008.

Jason M. Kuchmay, James A. Federoff, Federoff Law Firm, LLP, Fort Wayne, IN, Attorneys for Appellant.

Justin T. Schneider, Mark J. Thornburg, Indianapolis, IN, Attorneys for Amicus Curiae Indiana Agricultural Law Foundation, Inc.

Larry C. Thrush, Thrush Law Office, Wabash, IN, Attorney for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Terra Nova Dairy, LLC, appeals from the denial of its application for an improvement location permit ("ILP") for the construction of a concentrated animal feeding operation ("CAFO"). We affirm.

### Issue

We restate the issue as whether the decision of the Wabash County Board of Zoning Appeals ("BZA") to deny Terra

Nova's ILP application was arbitrary and capricious.

**Facts and Procedural History**

In February 2007, Terra Nova representative Brian Daggy met with Mike Howard, director of the Wabash County Area Plan Commission ("the Plan Commission"), to discuss Terra Nova's desire to obtain an ILP for the construction of a CAFO pursuant to the Wabash County zoning ordinance ("the Ordinance"). Howard gave Daggy a copy of an ILP application form and what turned out to be an outdated copy of the Ordinance.

On February 28, 2007, Daggy and Terra Nova attorney James Federoff attempted to file an ILP application with Howard, who refused it based on the Plan Commission's recommendation of a moratorium on new CAFO applications one week earlier. Also on February 28, Terra Nova sent an ILP application to the Plan Commission via United Parcel Service. On March 2, 2007, the Wabash County Board of Commissioners ("the Board") amended the Ordinance to establish new setback requirements for CAFOs effective on that date.

In a letter dated March 14, 2007, Plan Commission counsel Larry Thrush notified Terra Nova that its ILP application was deemed filed as of February 28, 2007, but that it was incomplete because it did not include a notice of approval from the Wabash County Drainage Board or a permit from the Indiana Department of Environmental Management. Thrush advised Terra Nova that upon the filing of those documents, the ILP application would be considered complete. Appellant's App. at 12.[1]

On March 29, 2007, Terra Nova appealed to the BZA. On April 24, 2007, the BZA held a public hearing on Terra Nova's appeal. Thereafter, the BZA issued its findings and decision, which reads in pertinent part as follows:

2. Terra Nova spends most of its effort arguing a non-issue; namely, that it was denied a Permit due to an unlawful moratorium.

3. Terra Nova was denied a Permit, not because of any moratorium, but because it failed to present a complete and proper application.

. . . .

8. While it is true that on February 21, 2007 the Plan Commission voted to impose a moratorium on acceptance of any new CAFO applications, nevertheless, Terra Nova has known since March 14, 2007 that its application was deemed filed with the Plan Commission, as of its February 28, 2007 tender . . . .

9. Apparently, Terra Nova has invested considerable time developing an

1. Indiana Code Section 36-7-4-1109(c) provides in pertinent part,

If a person files a *complete* application as required by the effective ordinances or rules of a local governmental agency for a permit with the appropriate local governmental agency, the granting of the permit, and the granting of any secondary, additional, or related permits or approvals required from the same local governmental agency with respect to the general subject matter of the application for the first permit, are governed for at least three (3) years after the person applies for the permit by the statutes, ordinances, rules, development standards, and regulations *in effect and applicable to the property when the application is filed,* even if before the issuance of the permit or while the permit approval process is pending, or before the issuance of any secondary, additional, or related permits or approvals or while the secondary, additional, or related permit or approval process is pending, the statutes, ordinances, rules, development standards, or regulations governing the granting of the permit or approval are changed by the general assembly or the applicable local legislative body or regulatory body.
(Emphases added.)

argument against the moratorium, and is unwilling to abandon it just because the Plan Commission, quite inconveniently for Terra Nova, agrees that the moratorium is not a basis for rejecting the application.

10. On March 14, 2007, Terra Nova was further notified that its February 28, 2007 application, as filed, was incomplete in that the Plan Commission requires any CAFO application to be accompanied by a notice of approval from the Wabash County Drainage Board, together with an approved permit issued by the Indiana Department of Environmental Management ("IDEM"); neither of which was included with Terra Nova's application.

11. Terra Nova was advised that when these additional documents are filed in the Plan Commission office, the application would be considered a complete filing.

12. As of April 24, 2007, the hearing date of this appeal, Terra Nova has still failed to file with the Plan Commission either a certificate of approval from the Wabash County Drainage Board or an approved permit issued by the Indiana Department of Environmental Management. By Plan Commission rule, both documents are required in order to constitute a complete application.

13. The BZA further finds that, even as of the date of this hearing, Terra Nova has yet to receive IDEM approval for this dairy. Nor is there any assurance that IDEM will ever approve it.

14. As an aside, the Board notes that Indiana Code 13–18–10–1 prohibits any person from starting construction of a confined feeding operation without obtaining the prior approval of the Department of Environmental Management.

15. Since first requiring that a CAFO application must be accompanied by an approved IDEM permit, the Plan Commission has required from every other CAFO applicant prior to Terra Nova to submit such documentation with an application for an Improvement Location Permit; without an IDEM approved permit, the application is incomplete.

16. At the hearing on Terra Nova's appeal, former Plan Commission Director Chad Dilling stated that during his nineteen and a half year tenure as Wabash County Plan Commission Director, he routinely turned down any such agricultural application "until they had their state permit."

17. Not only is Terra Nova's application incomplete due to it[s] failure to include an approved IDEM permit and approval from the Wabash County Drainage Board, but it is also defective for the following reasons:

a. Terra Nova failed to submit its application on the triplicate form required by the Plan Commission;

b. Terra Nova submitted its application on a photocopy of the required form using a number, namely 0580, that was already assigned to another application;

c. Terra Nova's application contains inaccurate and inconsistent references to the land upon which the proposed improvement is to be located, namely, in one instance Terra Nova claims its land is located in Section 14, Township 28 N, Range 7E, whereas elsewhere Terra Nova describes the land as being located in Section 13, Township 27 N, Range 7E.

d. The Wabash County Zoning Ordinance, at Section 6.2(a) requires "No application for an improvement location permit under section 6.1 may be considered unless the applicant has also applied for a certificate of occu-

pancy." Terra Nova has never applied for a certificate of occupancy. WHEREFORE, the decision to deny an Improvement Location Permit is affirmed.

*Id.* at 10–11 (footnote omitted).

On May 18, 2007, Terra Nova filed a petition for writ of certiorari. On November 26, 2007, the trial court held a hearing on Terra Nova's petition and accepted supplemental evidence from both parties. On December 27, 2007, the trial court entered an order that reads in pertinent part as follows:

### FINDINGS OF FACT

On or about February 28, 2007, Petitioner met with the Plan Director of Wabash County, Indiana, with the intent to file an Improvement Location Permit (ILP) Application for the construction of a Concentrated Animal Feeding Operation (CAFO) in Wabash County. While initially rejected by the Plan Director due to a "moratorium," ultimately the Attorney for the Plan Commission, by letter dated March 14, 2007, advised that the ILP Application was deemed filed on February 28, 2007, but incomplete. That letter did not advise the Petitioner of the need for an application for a certificate of occupancy.

Petitioner did not file an application for a certificate of occupancy on February 28, 2007, or apparently anytime thereafter.

No one disputes that the location of the proposed CAFO is within the jurisdiction and subject to the Wabash County Zoning Ordinance (Ordinance).

Wabash County, Indiana, first adopted its Ordinance in 1965 and, as amended over time, it was in effect on February 28, 2007.

On October 2, 2002, Part I, Chapter 6, Sections 6.1(a) and 6.1(b) of the Ordinance was amended. As a result, permit requirements of the ordinance applied to all buildings and uses, thereby removing the prior exemption for agricultural buildings.

Section 6.2(a) of the Ordinance requires that an application for a certificate of occupancy must also be filed before an application for an ILP under Section 6.1 can be considered.

On or about March 2, 2007, the Board of Commissioners of Wabash County, Indiana, amended the Ordinance [as to setback requirements] specifically with respect [to] CAFOs. From and after that date an ILP Application for a CAFO is subject to that amendment.

The timing of Petitioner's filing provided minimal opportunity for review of their application and opportunity to correct it, if incomplete, prior to the amendment of the Ordinance.

On or about March 29, 2007, Petitioner appealed the Plan Director's rejection (according to Petitioner)/denial (according to Respondent) of their ILP Application to the Wabash County Board of Zoning Appeals (BZA). On or about April 24, 2007, the BZA, following a public hearing, declined to grant the relief the Petitioner requested and determined that the Petitioner's application was incomplete.[FN1]

[FN1: The tape of the meeting of April 24, 2007, is incomplete thereby making it difficult to ascertain all that transpired at that meeting.]

Thereafter the Petitioner timely filed a Verified Petition for Writ of Certiorari which the Court granted.

### CONCLUSIONS OF LAW

. . . .

Zoning in Wabash County is governed by Indiana Code 36–7–4–100 et[ ] seq. Indiana Code 36–7–4–1020, provides as follows:

"(a) All ordinances adopted under this chapter are presumed to have been validly adopted.

(b) A court or a board of zoning appeals **shall** take judicial notice of all ordinances adopted under this chapter." (emphasis added)

The BZA was not at liberty to ignore the requirements of the Ordinance on February 28, 2007. Neither is this Court.

The Petitioner's ILP Application was not accompanied by an application for a certificate of occupancy, as required by Chapter 6, Section 6.2(a) of the Ordinance. That section of the Ordinance was in effect on and before February 28, 2007. As such, their application was incomplete on that date and could not be considered.[FN2]

[FN2: Petitioner complains that no form of application for a certificate of occupancy was created under the Ordinance. Presumably they could have simply drafted their own.]

In that the Petitioner failed to comply with [ ] Chapter 6, Section 6.2(a) of the Ordinance, they were not entitled to the issuance of an ILP on February 28, 2007.

The decision of the BZA is consistent with the requirements of the Ordinance and should be affirmed.

Based upon the above, the Court finds it unnecessary to address the other defenses raised by the Respondent in support of its decision.

*Id.* at 6–9. This appeal ensued.

### Discussion and Decision

■ When reviewing a zoning board's decision, we are bound by the same standard of review as the trial court. *Hoosier Outdoor Adver. Corp. v. RBL Mgmt., Inc.,* 844 N.E.2d 157, 162 (Ind.Ct.App.2006), *trans. denied.*

In reviewing an agency decision, we may provide relief only if the decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; [ (2) ] contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence. An administrative act is arbitrary and capricious only where it is willful and unreasonable, without consideration and in disregard of the facts and circumstances of the case, or without some basis that would lead a reasonable and honest person to the same conclusion. Additionally, in the context of zoning proceedings, evidence is substantial if it is more than a scintilla and less than a preponderance. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Additionally, it must be more than speculation and conjecture.

On appeal, where, as here, the trial court's factual findings were based on a paper record, we conduct a de novo review of the record. But in reviewing an administrative decision, a court is not to try the facts de novo or substitute its own judgment for that of the agency. We presume that the zoning board's decision is correct, and the decision will not be overturned unless it is arbitrary, capricious, or an abuse of discretion.

The burden of demonstrating the invalidity of the agency action is on the party asserting invalidity.

*Rice v. Allen County Plan Comm'n,* 852 N.E.2d 591, 597 (Ind.Ct.App.2006) (citations and quotation marks omitted), *trans. denied* (2007).

At the outset, we observe that Terra Nova challenges only one of the several

bases upon which the BZA affirmed the denial of its ILP application, i.e., its failure to apply for a certificate of occupancy, which was the trial court's sole basis for affirming the BZA's decision. Given that we must review the BZA's decision de novo, we could hold that Terra Nova's appeal is for naught due to its failure to challenge the remaining bases for the BZA's denial of its ILP application. We decline so to hold, however, and will address the merits of Terra Nova's appeal.

We begin our analysis by comparing the pre–2002 version of the Ordinance that Terra Nova representative Daggy received from Plan Commission director Howard with the version of the Ordinance that was in effect when Terra Nova was deemed to have filed its ILP application on February 28, 2007. The pre–2002 Ordinance states that no ILP application "may be considered unless the applicant has also applied for a certificate of occupancy" but also states that the ILP requirements "shall not prevail with respect to agricultural buildings and uses[.]" Appellant's App. at 191. In other words, under the pre–2002 Ordinance, Terra Nova would not have been required to submit either an application for an ILP or an application for a certificate of occupancy before constructing a CAFO. In 2002, however, the Ordinance was amended to remove the agricultural exemption for ILP requirements. Thus, as of February 28, 2007, the Ordinance required Terra Nova to submit both an application for an ILP and an application for a certificate of occupancy. Because Terra Nova failed to submit the latter, the BZA deemed the former to be incomplete.

 At this point, we reiterate the well-established principle that "[p]roperty owners are charged with knowledge of ordinances that affect their property." *Story Bed & Breakfast, LLP v. Brown County Area Plan Comm'n*, 819 N.E.2d 55, 64 (Ind.2004); *see also Town Council of New Harmony v. Parker*, 726 N.E.2d 1217, 1226 (Ind.2000) (same), *amended on reh'g on other grounds*, 737 N.E.2d 719; *Bd. of Zoning App. v. Leisz*, 702 N.E.2d 1026, 1030 (Ind.1998) (same). We bear this principle in mind as we address Terra Nova's arguments.

 Terra Nova first contends that because Howard furnished Daggy with the pre–2002 Ordinance, the BZA should be equitably estopped from imposing the requirement that it file an application for a certificate of occupancy. "Equitable estoppel applies if one party, through its representations or course of conduct, knowingly misleads or induces another party to believe and act upon his or her conduct in good faith and without knowledge of the facts." *Steuben County v. Family Dev., Ltd.*, 753 N.E.2d 693, 699 (Ind.Ct.App.2001), *trans. denied* (2002). "The party claiming equitable estoppel must show its (1) lack of knowledge and of the means of knowledge as to the facts in question, (2) reliance upon the conduct of the party estopped, and (3) action based thereon of such a character as to change his position prejudicially." *Story*, 819 N.E.2d at 67 (citation and quotation marks omitted). "Where each party has equal knowledge, or means of knowledge, of all the facts, there is no estoppel." *NIPSCO v. Stokes*, 595 N.E.2d 275, 279 (Ind.Ct.App. 1992). Finally, "[a]s a general rule, equitable estoppel will not be applied against governmental authorities. Our courts have been hesitant to allow an estoppel in those cases where the party claiming to have been ignorant of the facts had access to the correct information." *Story*, 819 N.E.2d at 67. "The party claiming estoppel has the burden to show all facts necessary to establish it." *Id.*

We conclude that Terra Nova has failed to carry its burden in several respects. First, Terra Nova was charged with knowledge of the zoning ordinance that affected its property. Second, Terra Nova had the means of determining that the Ordinance had been amended in 2002 to require an application for a certificate of occupancy. Third, Terra Nova cannot show that it relied on the pre–2002 version of the Ordinance; if it had done so, it would not have filed an ILP application in the first place. Fourth, the BZA is a governmental authority, and Terra Nova certainly had access to the version of the Ordinance in effect on February 28, 2007.

■ For all these reasons, we also conclude that Terra Nova has failed to carry its burden to establish estoppel based on Thrush's assertion that its ILP application was complete but for the Drainage Board's notice of approval and the IDEM permit. It is true that "estoppel may be appropriate where the party asserting estoppel has detrimentally relied on the governmental entity's affirmative assertion or on its silence where there was a duty to speak." *Equicor Dev., Inc. v.*

*Westfield–Washington Twp. Plan Comm'n,* 758 N.E.2d 34, 39 (Ind.2001). That said, Terra Nova cannot show that it relied on Thrush's assertion, because it never filed either the notice of approval or the permit.[2]

■ Finally, Terra Nova contends that it was denied due process, in that its failure to file an application for a certificate of occupancy was not at issue prior to the BZA hearing and was not discussed during the hearing itself. Once again, we observe that "[p]roperty owners are charged with knowledge of ordinances that affect their property." *Story,* 819 N.E.2d at 64. As such, Terra Nova knew or should have known from the outset that it was required to file an application for a certificate of occupancy.[3] Moreover, although the transcript of the BZA hearing does not contain testimony regarding the application, the BZA points out that " 'evidence' is not limited to the spoken word. The BZA reviewed the documents filed by Terra Nova, and found nowhere an application for a certificate of occupancy." Appellee's Br. at 17–18.[4] As such, we are unpersuaded by Terra Nova's due process claim.[5]

2. In its petition for writ of certiorari, Terra Nova argued that its ILP application was complete because the Ordinance did not require the submission of these documents with the application. Terra Nova does not specifically address that issue in this appeal, however.

3. Terra Nova argues that "evidence was presented to the trial court of another applicant that met with the [Plan Commission's] Director to learn of requirements relative to his proposed construction, and he was never told he had to file an application for a certificate of occupancy, nor was he required to do so." Appellant's Br. at 13. The applicant in question constructed a "600–sow operation" in 1992, when the Ordinance specifically exempted agricultural operations from ILP requirements such as the application for a certificate of occupancy. Appellant's App. at 93–94 (Randy Curless affidavit).

4. As the trial court's order suggests, the transcript is inconclusive regarding whether Terra Nova's failure to file an application was discussed during the BZA hearing. The audiotape of the proceeding stopped midsentence during Howard's testimony; thus, notwithstanding the reporter's averment that the transcript contains "all the evidence heard and recorded" during the hearing, it is patently obvious that the testimony continued after the tape ran out. Appellant's App. at 159.

5. Terra Nova complains that requiring an application for a certificate of occupancy at the same time as an application for an ILP is "premature" and that "Wabash County does not even have a form available to apply for a certificate of occupancy." Appellant's Br. at 12, 13. We fail to see how these complaints affect Terra Nova's due process rights. We note that during the certiorari proceedings,

Having found no error, we affirm the BZA's decision.

Affirmed.

BARNES, J., and BRADFORD, J., concur.

Terra Nova requested and obtained a copy of the form once used by Wabash County; clearly, Terra Nova could have made such a request prior to applying for an ILP and either used the old form or submitted its own.

In its brief, amicus curiae Indiana Agricultural Law Foundation, Inc., questions whether Wabash County is statutorily authorized to require a certificate of occupancy. Because Terra Nova has never raised this issue, we decline to address it.

